UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

COREY LEA                                                                                            PLAINTIFF

v.                                                                               CIVIL ACTION NO. 1:14CV-40-R

UNITED STATES DEPARTMENT OF
AGRICULTURE - OFFICE OF CIVIL RIGHTS *et al.*                    DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Corey Lea's response to the Court's Order directing him to show cause why this action should not be dismissed for failure to comply with the Court's prior Order imposing sanctions. For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff Corey Lea filed the instant *pro se* action in the United States District Court for the District of Columbia, which transferred the case to the Western District of Kentucky finding that this Court was the appropriate venue for the action. Plaintiff then filed a notice of dismissal (DN 6) and motion to amend the complaint (DN 7), in which he sought to name a different set of Defendants. The original complaint named the following Defendants: United States Department of Agriculture (USDA) - Office of Civil Rights; Tom Vilsack; Joe Leonard; United States Department of Justice; and Eric H. Holder, Jr. In the motion to amend, Plaintiff stated that the purpose of his notice of dismissal "was to dismiss the United States and It's Agencies." He attached a proposed amended complaint naming the following Defendants: John Bowles, whom he identified as an appraiser with the USDA; Bryan Denison, whom he identified as a county

loan manager for the USDA; Mitch Whittle, whom he identified as a state loan officer with the USDA; Candice Hill, Michael Spalding, Mark Filip, and Regina Edwards, whom he identified as Assistant United States Attorneys; the USDA; and the United States Department of Justice. The Court notes that the instant response to the Show Cause Order lists Bowles, Hill, Dennison, Whittle, Edwards, Spalding, and Filip as Defendants and does not identify the USDA or the United States Department of Justice as Defendants.

The proposed amendment alleges discrimination, conspiracy, and numerous other claims in connection with a loan subordination request by Plaintiff denied by the USDA in 2008 and a foreclosure on property owned by Plaintiff in 2009. The body of the 68-page proposed amended complaint includes allegations against individuals whom Plaintiff does not list as Defendants in the caption of the proposed amended complaint. It is apparent that the proposed amendment includes pages that Plaintiff photocopied from complaint(s) he filed in previous action(s).

## II.

As discussed in the show-cause order, on March 7, 2014, the Honorable Chief Judge Joseph H. McKinley, Jr., entered a final judgment dismissing civil action number 1:13CV-110-M. That case named eight of the nine defendants Plaintiff seeks to sue in his proposed amended complaint–Bowles, Hill, Denison, Spalding, Filip, Whittle, USDA, and United States of Department of Justice. The only Defendant not named in that action was Defendant Edwards. However, Plaintiff filed a motion to add Edwards as a Defendant in that suit, and the motion was denied.[1] In addition to dismissing the action, Chief Judge McKinley found that Plaintiff has

---

[1] In addition, Plaintiff also sued Bowles, Whittle, and Spalding in civil action number 1:10CV-29-R and sued Hill, Denison, Whittle, and Filip in civil action number 1:12CV-52-M. He has sued the USDA and the U.S. Department of Justice in numerous other cases, as well. These cases involved the same subject matter as the instant action, and each have been dismissed.

repeatedly filed civil actions containing almost the same allegations against the same Defendants and that his submission of frivolous and duplicative lawsuits evinced bad faith and improper purpose warranting the imposition of sanctions. Consequently, Chief Judge McKinley ordered that Plaintiff was "permanently enjoined from filing any civil lawsuit in the United States District Court, Western District of Kentucky alleging or asserting factual or legal claims based upon or arising out of any of the legal or factual claims alleged in this action or any of the actions underlying it." The Court also ordered that before filing any new action in this Court Plaintiff must seek leave and written permission to file the instant action and certify under oath or affirmation that the action involves new matters in accordance with the sanctions entered against him.

On this basis, the Court entered its show-cause order finding that Plaintiff had failed to seek leave and written permission from the Court before filing the instant action and failed to certify that the action involved new matters not raised before and that, in fact, the allegations in the instant action concern the same subject matter as previous actions filed by Plaintiff in this Court and reiterate allegations made in previous suits. Before dismissing the action, the Court gave Plaintiff an opportunity to show cause why the action should not be dismissed.

**III.**

Plaintiff filed a response (DN 9), in which he points out that he did not file this case in the Western District of Kentucky but in the "DC Federal Circuit" and that he has no objection to the case being transferred back to that court. He also states, "In addition, The Court of Federal Claims, is now hearing the case against the United States and it's agencies, which now leaves the employees in their individual capacity to answer for their alleged supported unlawful conduct."

3

Plaintiff states, "The Plaintiff has asserted additional claims that has not been adjudicated on the merits." He states that he has appealed the suit dismissed by Judge McKinley and is seeking his recusal. Plaintiff further states that "this complaint is done in good faith[,]" and he attaches an affidavit of "retired USDA employee to bolster it's claims against the defendants." He moves the Court to afford him an opportunity to put evidence in the record and conduct discovery.

Upon review of the response, the Court finds that Plaintiff has not identified any claims which he seeks to assert in this action that he has not already brought in previous actions in this Court. If Plaintiff is unhappy with the dismissal of his suit against these Defendants by Judge McKinley, his recourse is to appeal the dismissal, not to file a new action against them. While he points out that he originally filed this action in federal court in the District of Columbia, his motion to amend names different Defendants, all of whom appear to be located in the Western District of Kentucky. Moreover, Plaintiff attaches the affidavit of a retired employee of the USDA which he claims bolsters his claims. However, the affidavit does not allege any wrongdoing on the part of any party, including any of the purported Defendants.

For the foregoing reasons, the instant action will be dismissed by separate Order for failure to comply with the Court's prior Order imposing sanctions.

Date:



cc: Plaintiff, *pro se*
4413.010

4